MR. Justice Clayton
delivered the opinion of the court.
This cause has been in this court twice before. It comes up again from the judgment of the probate court, allowing certain exceptions to the report of the referee in the cause.
The appellant objects, that as there were no exceptions filed before the referee, none could afterwards be taken before the *689 court. The appellees insist, that as the testimony has not been set out in the record, there can be no reversal, because the presumption is in favor of the decision of the court below.
If the probate judge had himself stated the account in vaca-' tion, when it came forward for allowance and confirmation in term time, exceptions might have been filed in court. H. & H. 403, sec. 66. If instead of performing this duty himself, he referred the account to a commissioner, the same consequence would follow. It is true the court of chancery has adopted a different rule, but that has no influence in the probate court. The exceptions were properly filed.
In regard to the action of the court upon the exceptions, the character of some of the items sufficiently appears, from the face of the account; but in regard to others, it could not be seen, whether the decision of the court was correct, without testimony. Of the latter kind are the charges for fees paid to counsel. There is no proof as to the nature of the services, or that they were rendered for the estate.
The charge of interest on the balance due from the Executor in May 1839, as exhibited by the settlement, was properly made. See Chilton’s Probate Court Law, 361; Jones v. Ward, 10 Yerger, 160.
The charge of interest upon the note of Dillahunty & Johnson, in the hands of the executor, and not yet collected, was not proper. He was not chargeable with the debt, nor with the interest, until he received it, unless by some act of gross negligence or fraud, he made himself liable for it. Berry v. Parke, 3 S. & M. 639. But the objection extends no farther than to the allowance of interest. There was no final order or decree in the court below, farther than to direct the clerk to make certain corrections in the report. 'í’his direction as to the charge of interest on the note was erroneous. It may be doubtful whether the cause was in a proper attitude for an appeal; but neither party having objected, we have entertained it. The order of the court below is reversed, for the error in regard to the charge of interest on the said note; but to avoid misap *690 prehension, we state explicitly, the executor^will be chargeable with interest when collected. In other words the whole amount which may be received by him, both principal and interest, will constitute a charge against him.
The report in other respects is confirmed.
Judgment reversed and cause remanded.